McKinney, J.
delivered the opinion of the court.
This action was brought in the circuit court of Shelby county, to recover damages for the illegal seizure and conversion of six hundred and ninety-four sacks of corn, the property of the plaintiff. The declaration contains two counts, one in trover, the other a special count in case, for the same cause of action. It appears that the corn was shipped at Memphis, through the agency of J. F. Montgomery & Co., commission and forwarding merchants of that place, to the house of Joseph Richards & Co., Boston, Massachusetts.
Montgomery & Co. consigned said corn to the care of J. R. Jefferson & Co., commission and forwarding merchants of New Orleans, to be by them forwarded to Boston. At New Orleans, the defendants caused said corn to be seized, by process of attachment from the commercial court of New Orleans, as the property of J. F. Montgomery & Co. to satisfy a debt due from the latter to the defendants.
By agreement of the parties, the court ordered that the corn should be sold, and the proceeds retained subject' to the decision of the court. Some time after the *514 sale of the corn, the plaintiff, Mrs. Rembert, by petition of intervention and opposition, (pursuant to the code of Louisiana) became a party in said attachment suit. In her petition she asserted her right to the corn, as against both parties; claimed the property to be in her; and prayed that the corn, if unsold, might be decreed to her, or, if sold, the proceeds thereof, damages resulting from the wrongful attachment, amounting to five hundred dollars, costs of suit, and general relief.
On the trial of the cause it was adjudged, that the interventor, Mrs. Rembert, recover four hundred and two dollars and thirty-one cents, the net proceeds of the corn referred to in her petition; and that she pay the costs of her intervention.
This judgmént remaining in force, a copy of the record was adduced in evidence on the trial, and relied upon by the defendants, in bar of the recovery sought by the plaintiff in the present action.
The court instructed the jury, that the judgment of the court in New Orleans, being the judgment of a court of competent jurisdiction, between the same parties, and in respect to the same subject matter, formed a conclusive bar to a recovery in this action.
The only question for our consideration is, did the court err in this instruction? The solution of this question depends ■ upon the law of Louisiana. What was the efFect of the judgment rendered in favor of Mrs. Rembert, upon her intervention, according to the course of adjudication under the code of that State? Would it have barred another action against the same parties, by the present plaintiff, brought for the purpose either of recovering the value of the corn, or damages consequent upon the wrongful seizure and conversion thereof? If *515 such. would have been the effect of the former judgment there, the effect must be the same here.
Not having access to the decisions of the courts of Louisiana, we have felt a good deal of embarrassment in the determination of this question. We have been referred to the code of practice of that State, with notes and references, by Greiner. If we correctly apprehend the import of the provisions of the code, applicable to the question before us; and if the principles of the cases referred to in the notes are accurately stated, we are led to the conclusion that there is no error in the instruction of the court to the jury.
“An intervention, or interpleader, is a demand by which a third person requires to be permitted to become a party in a suit between other persons” and if may be against either, or both of the parties in the principal suit. Code of Practice, art. 389. The person who thus intervenes, is considered as plaintiff. Id. 392. “The judge cannot refuse to admit an intervention, but he must pronounce on its merits at the same time that he decides the principal action.” Id. 394.
This mere summary proceeding by intervention, we understand to be a concurrent, or cumulative remedy given to the party, to which he may resort at his election; because, in the language of the code, “he has always his remedy by a separate action to vindicate his rights.” Id. 391. We understand, too, that the remedy by intervention is, in all respects, commensurate with the remedy by separate action; and that whatever grounds, or causes of action, may be embraced or united in the one form of proceeding, may be in the other. The provisions of the code are sufficiently liberal in respect to the joinder of several demands, or causes of *516 action, in the same suit. Several or different demands? or causes of action, may be united in the same suit, if they be not inconsistent with each other. Art. 149, and note 3.
If, then, the remedy by intervention be, in every respect, co-extensive with the remedy by separate action; and if in the former, as well as the latter, all demands, or causes of action, not incompatible with each other, may be united; and if, too, the merits of the entire case may be fully investigated and decided in either form of proceeding, it would seem, upon reason, that the effect of the judgment in the one case should be precisely the same as in the other; and that a judgment in either case should form a bar to another suit brought in respect to the same subject matter, or any part thereof, embraced in the former action.
That such is the principle of the common law, is not questioned. The principle that one entire, indivisible cause of action cannot be split up, so as to constitute two or. more grounds of action, is as much applicable to actions of tort as to actions upon contract.
The practice in Louisiana in this respect, we feel authorized in assuming, is not different from the common law.
In the code of practice before referred to, (p. 226, 227, note 1,) the following principles are extracted from the decisions of the courts of that State. “In a suit for a slave, and damages for detention, a judgment given for the restoration of the slave • only, bars another suit for the damages,” for which 2 M, 142 is cited. Again: “A judgment forms res judicata between the parties, upon all matters and demands set up in the pleadings, no matter in what form of action or proceeding the ques *517 tion may have been presented;” for which is cited 17 L. 96, 19 L. 328. And again: “Though irregularities occur during the trial, if not opposed, the judgment notwithstanding forms res judicata” 2 L. 244.
The foregoing principles are decisive of this case. They establish most clearly that the present suit cannot be maintained, as insisted upon by the plaintiff's counsel, to recover damages for the wrongful seizure and conversion of the corn, upon the ground assumed in argument, namely, that there was no recovery for such damages in the former suit in New Orleans.
This may be true in point of fact, but it does not affect the principle. In that suit a claim for damages was “set up in the pleadings,” and properly formed part of the plaintiff’s cause of action, and was allowable by the law of Louisiana, upon proper proof of damages sustained. And whether the failure to recover such damages was owing to the negligence of the party, or the error of the court, the judgment forms a positive bar to another suit for the recovery thereof.
This case does not fall within the principle, that if two distinct, divisible matters, which by the rules of pleading may be joined, are united in the same declaration, and on the trial no evidence is offered as to the one, nor is it passed upon by the jury, the plaintiff will not be barred from bringing a second action, in which; upon proper averments and proof, he may recover for the cause omitted in the former suit. Such is not the present case. In an action for the conversion of personal property, damages for the illegal taking, and such other consequential damages as the party may be entitled by law to recover, are mere incidents to the principal right of recovery; and, together with that, constitute one entire, *518 single cause of action; and cannot be claimed or recovered in a separate action, whatever may have been the cause of failure to recover such damages in the first action.
It is clear, therefore, in every aspect of the case, that this suit cannot be maintained.
Judgment affirmed.